RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT

**UNITED STATES DISTRICT   COURT FOR THE  DISTRICT OF COLUMBIA**

2021 JUL -8  AM 9: 51

|  |  |
|---|---|
| **Donato E. Peria**<br>Plaintiff – Pro Se<br>1465 Amberwood Dr. N.<br>Annapolis MD 21409,<br><br>        Plaintiff,<br><br>v.<br><br>**Paul J. Wiedefeld** ,<br> in his official capacity as<br>President of Washington Metropolitan<br>Area Transit Authority (WMATA)<br>600 5th Street, NW<br>Washington DC.  20001.<br><br>        Defendant. | DOCKET NO.:<br><br>Case: 1:21–cv–01830 JURY DEMAND<br>Assigned To : Nichols, Carl J.<br>Assign. Date : 7/8/2021<br>Description: Employ. Discrim. (H–DECK)<br><br><br>JURY  TRIAL DEMANDED<br><br> |

## COMPLAINT

This is a civil rights action in which Plaintiff  Donato E. Peria – Prose , seek  to remedy

the violation of his rights  secured by  Title VII of the Civil Rights Act of 1964, *as amended*, 42

U.S.C. § 2000e et seq. and allege upon personal knowledge  and upon information  and belief

with respects to other matters, as follows :

### NATURE OF THE ACTION

1. Mr. Donato E. Peria, is a dedicated working   employee of Washington Metropolitan Area

Transit Authority (WMATA). He has  18 1/2  years  of exemplary performance and consistent

positive reviews, but  endured a continuous workplace discrimination at WMATA, where he  has

been serving  as CMNT –  Electrician AA from September 23, 2002  to present. Mr. Donato E.

Peria is one of the most Senior and well experience CMNT – Electrician among his peers.

2. Despite Mr. Peria's years-long efforts to work with WMATA and Office of Equal Employment Opportunity (WMATA -OEEO) officers to expose – and encourage WMATA to eradicate – continuous unfair work environment infecting WMATA, WMATA disregarded Mr. Donato E. Peria's repeated overtures. Thus when, Mr. Donato E. Peria approached his Supervisor and Superintendents to hear his serious complaints, rather than validate and address his complaints, WMATA continuously retaliated against Mr. Donato E. Peria for engaging in protected EEO activity.

3. Worst , WMATA Supervisor  and Superintendent planned  sinister idea  using  WMATA Police to  intimidate , framed up, retaliate  and to   upend the hostile environment  against the Plaintiff.

4. Much worse is, WMATA's Supervisor and Superintendents concocted   sexual harassment complaint to further, intimidate,   humiliate, harass and transferred   Mr. Donato E. Peria to another location farther from his home address.

5. The  WMATA Equal Employment Office ( WMATA –OEEO)  came in the forefront and joined in the complicit retaliation process not only once but twice.

6. This is atrocious and very unacceptable because  the very main purpose and task  of WMATA – OEEO  is to prevent and stop  harassment in the workplace from occurring in the first place but here they did the very opposite , joined in the  retaliation and  harassment process  of the Plaintiff.

7. During the heightened COVID  Pandemic alerts ,  when most WMATA employees stayed  and worked home to became safe , Donato E. Peria  continuously  work as CMNT – Electrician . The  harassing and discriminatory behavior directed towards Mr. Donato E. Peria continued and became more  prominent  and worst that  Increased  the Risk of Exposure to

COVID.

8. Among other things, after Mr. Donato E. Peria began speaking out about the harassing and discriminatory environment at WMATA, his superiors retaliated and punished him with additional more works , entry level works and at all times all work available. On the other hand his co workers who has less seniority and grade level would be given very minimal, false work or no work at all . This discriminatory attitude of WMATA is happening continuously and repeatedly.

9. As a further result of WMATA's discriminatory conduct, its callous responses to Mr. Peria's complaint, and the resulting retaliation, Mr. Peria has suffered, and will continue to suffer, irreparable loss and injury, including but not limited to humiliation, embarrassment, mental and emotional distress, and anxiety.

10. This lawsuit seeks to redress . Mr. Donato E. Peria suffering and – by finally putting an end to the unacceptable and discriminatory workplace environment at WMATA -- to ensure that no other WMATA employees are subjected to the kind of humiliation and retaliation . Mr. Donato E. Peria's racial , hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

## PARTIES

11. Plaintiff Donato E. Peria is an Asian, and currently residing at 1465 Amberwood Dr. N. Annapolis MD 21409 . At all times relevant to this Complaint – as an employee of Washington Metropolitan AreaTransit Authority (WMATA).

12. Defendant Paul J. Wiedefeld is the President of the Washington Metropolitan AreaTransit Authority (WMATA) with its principal office located in the District of Columbia (Washington

Metropolitan Area Transit Authority, 600 5th Street, NW  Washington DC.  20001).

13.  At all times relevant herein, Defendant WMATA has more than five hundred employees, and was therefore an "employer" within the meaning of Title VII.

14.     Defendant  WMATA is  liable for the acts of their Managers, Supervisors  and employees as set forth below.

15.     WMATA's  primary harassers  and detractors in this instant case are Supervisor Miss Danele  Poole and Superintendent  Lyndon Holmes , both are African American .

16.     Other  equally involved in this  harassment complaint  are  the WMATA – Office of the Equal Employment Opportunity ( OEEO ) Miss Karin Rodrigues ,  WMATA Assistant Superintendent Justine Nunez and CMNT General Manager Office.

## JURISDICTION AND VENUE

17. Federal courts exercise jurisdiction over Title VII actions pursuant to the general grant of jurisdiction of civil actions involving federal law (found at 28 U.S.C. § 1331), Title VII's own jurisdictional provision (found at 42 U.S.C. §2000e–5(f)(3))and 42 U.S.C. Sections 1981 et seq. Employers with 501 or more employees:

18.  Venue is proper in this district under 28 U.S.C. § 1391(e)(1) and 42 U.S.C. § 2000e-5(f)(3). because Defendant Paul J. Wiedefeld performs his official duties in this judicial district and Defendants are subject to the personal jurisdiction of, this Court because Defendant maintain facilities and business operations in this District.

19. This Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

20.  This Court may grant *Compensatory and Punitive Damages Available Under §102 of the Civil Rights Act of 1991 and 42 U.S.C. § 1981a (b)(d).*

21. . In addition ,   it would be worth to note the observations  of DC Superior Court Judge Anthony  Epstein on his order on Peria  v.  Paul Wiedefeld  , for which he states that : "Nothing[1] in this order precludes Mr. Peria from pursuing a claim under federal antidiscrimination law. The Court observes that Lucero-Nelson denied WMATA's motion for summary judgment on the plaintiff's Title VII claims and allowed them to proceed. See 1 F. Supp. 2d at 4-7. See Peria  v. Paul Wiedefeld  Case No. 2021 CA 000762 B ; Superior Court of DC , 6/16/2021,  id @2.

22.  Jurisdiction is also confer by  WMATA Compact §81, The United States District Courts shall have original jurisdiction, . . . , of all actions brought by or against the Authority (WMATA).

### INVOCATION OF ADMINISTRATIVE REMEDIES

23.  Mr. Donato E. Peria  timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on October 20, 2020.

30. Mr.  Donato E.  Peria  received the EEOC Notice to File a lawsuit by U.S. Mail ( postmarked 12-8-2020 ) on December  11,  2020.  This Complaint was filed on March 11, 2021  within ninety (90) days of the date of receipt of the EEOC Notice to file a lawsuit. Thought,   the complaint was initially filed in The Superior Court of District of Columbia.

24. **Equitable Tolling**

**Timely Filing in the Wrong Forum**

*Pro se* Plaintiff's Complaint may be read to assert the doctrine of equitable tolling. Equitable tolling stops a limitations period from running when the accrual date has already passed. *Oshiver v. Levin, Fishbein, Sedran Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Equitable tolling of a limitations period applies: . . .  (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."

---

1   The Superior Court Case no. No. 2021 CA 000762 B was dismissed on June 16, 2021  without prejudice ( Plaintiff is free to bring suits in the same grounds )  .

Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The structure of Title VII, the congressional policy underlying it, and the reasoning of this Court's prior cases all lead to this conclusion. Pp. 455 U. S. 392-398. Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), id@1.

The provision granting district courts jurisdiction under Title VII, 42 U.S.C. 2000e-5(e) and (f), does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC. It contains no reference to the timely-filing [455 U.S. 385, 394] requirement. The provision specifying the time for filing charges with the EEOC appears as an entirely separate provision, and it does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts. The legislative history of the filing provision is sparse, but Senator Humphrey did characterize the time period for filing a claim as a "period of limitations," 110 Cong. Rec. 12723 (1964), and Senator Case described its purpose as preventing the pressing of "stale" claims, id., at 7243, the end served by a statute of limitations. *Zipes, Id.*

*Zipes*, 455 U.S. at 398 (looking to the "remedial purpose of" Title VII in refusing to hold a rule jurisdictional). That is particularly true in the Title VII context, where this Court's interpretive" guiding principle" has been that "technical" readings are "'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.'" *Zipes*, 455 U.S. at 397 (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972)). This case presents a paradigmatic example of how considerations of fairness and judicial economy counsel against a jurisdictional bar. On Writ of Certiorari to the US Court of Appeals for the Fifth Circuit ( Brief of Amicus Curiae ) NAACP legal Defense and Educational Fund , Inc. In Support of Respondent, April 3, 2019 *id@29* .

## **FACTUAL ALLEGATIONS**

25. At all times material to this action, Plaintiff Donato E .Peria is employed by Defendant WMATA as CMNT AA Electrician in New Carrolton Safety and Inspection Shop in the evening shift . As part of his jobs, Plaintiff is responsible for troubleshooting , complex electrical works , repairs , preventive maintenance and inspection of trains electrical system among other associated Electrical works on trains electrical system.

33. Thought, WMATA's discriminatory conduct and workplace discrimination to Plaintiff has been happening continuously for sometimes , it was on March 23, 2020 the start of A/B days,

that the  workplace discrimination started again  and  became  worst when Miss Dannele Poole was assigned  as  sole Supervisor for B  days  of CMNT evening shift.

26. From the start of March 23, 2020. Donato E. Peria's  immediate supervisor, Denelle Poole, started giving  Plaintiff  more assignments and entry level  works   such as DST – Daily Safety test,  equipment cleaning ,  installation , parts pick up and shop clean up. Most of the time , Plaintiff  was doing more than half of the revenue requirements ( 48 trains total requirements ) in the evening shift while the rest of the  requirements were  done by three (3 )CMNT  in the midnight shift .

27. In comparison,  Plaintiff  coworkers with less seniority and lower grade level ,  do not get any DST train assignment  and always being given   with favorable easier works  inside the comport of the shop –such as changing  plastic  tint  of windows or doors ,  fake works  or  fake assignment , such as changing wheel wear setting on B train[2] of 7000 series trains.  And most of the time no work  at all.

28.  When train has problems and needs troubleshooting works , it will be given by Miss Poole to  Electrical CMNT coworkers who have less seniority and lower grade level than the Plaintiff. Miss Poole was  preventing Plaintiff  from using his  skills, training and experience so that the skills are likely to atrophy.

29. On  one  occasion, Supervisor  Miss Poole sent Plaintiff  to work to  DST trains ( 3 sets of 8 consist  train or total of 24 trains ) one of each  trains had vomit on the floor which Plaintiff accidentally stepped on one of them . So that after the DST of trains Plaintiff bleach his shoes and clothing's that  faded and turned  like camouflaged and  had to be thrown away.

---

2        Wheel wear    settings  are set only on A train.

30. This period of time were at the heightened and peak Covid pandemic awareness and vomiting is one of the known Covid symptom . The trains should have been cleaned and sanitized first before sending Plaintiff to work on the train. Miss Poole sent Plaintiff to work without informing Plaintiff that there were vomits on other trains that made it became more dangerous for Plaintiff and chances of COVID infection was bigger . Besides the fact that Plaintiff was doing all DST trains, while most CMNT were safe from COVID infection sitting in the CMNT shop.

31. On April 30, 2020 Miss Poole inform CMNT in the shop that by 6 PM everybody should go home to sanitize the building . Plaintiff was given a 16 consist DST trains , enough to be done beyond 6 PM. , while other Electrical CMNT coworkers were not given any assignment and waited for 6 PM. The 16 consist trains were not coupled to each other so that it entailed a lot of work as Plaintiff had to go up and down because of the train gaps, it was likewise raining and Plaintiff have to check the skirt on the sides of the train (per Miss Poole's instruction).

40. In almost all instances , all CMNT on the evening shift will be sent home as early as one ( 1 ) hour and sometimes much earlier, while Plaintiff was still working . Miss Poole will punch out there time cards ( or someone assigned by Miss Poole ), while Plaintiff will be left out and punch out his time card.

32 . Plaintiff brought his EEO concern to the CMNT Superintendent Mr. Holmes .The meeting on May 6, 2020 took about one hour and one sided. In all instances Miss Poole looks angry eyes or tiger eyes and most of the times yelling for which Mr. Holmes did not prevent Miss Poole hostile act.

33.  Plaintiff informed Superintendent Mr. Holmes regarding the above narrative, but Superintendent Holmes took it for granted . Instead thanks and encourages  Miss Poole to continue her very good works.

34. After the meeting  the pattern of Miss Poole Racial Harassment , Discrimination and Contract Violations became more prevalent , continuous and repetitive .

35.  On May 8, 2020 Plaintiff was sent to the yard DST .  In retaliation for  Plaintiff filing his complaint  to WMATA –OEEO , Miss Poole  singled   out Plaintiff, observed and monitored from CCTV video surveillance camera   and wrote a fraudulent and immaterial Record of Counseling. Miss Poole  stated  on her write ups that she observed  Plaintiff  sitting inside  his car parked at the old building of  New Carrollton yard, and that Plaintiff  was not in his  assigned work area. On the other hand all of  Plaintiff  co-workers were not monitored and stayed in the comport of the shop ;

36. Moreover, without regards to Discrimination in violation Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq., Plaintiff  was  further subjected to subsequent retaliations by his  immediate supervisor, this time with  assistance, help   and  support  of Superintendent Lyndon Holmes and Assistant Superintendent Justine Nunez when ,

37. On May 26, 2020, Superintendent Lyndon Holmes and Assistant Superintendent Justine Nunez called Plaintiff  to their offices and  reprimanded him  for not furnishing them with copies of Plaintiff  WMATA- OEEO complaint.

38. Likewise,  after the aforementioned meeting,  Assistant Superintendent Justin Nunez closely monitored Plaintiff  whereabouts,  when he followed  and shadowed  Plaintiff  around the shop ,

going to bump post platform in front of the rail yard, following Plaintiff to the trains being DST'ed and to the operators' restroom. On the other hand the other CMNT were not monitored .

30.  On May 28, 2020 because of the increased retaliation and  pressure  on Plaintiff , Plaintiff sent Defendants  a reconciliation e-mail letter.

40. On this same date May 28, 2020 instead of accepting  Plaintiff  reconciliation e-mail , Supervisor Miss Poole   called Plaintiff  from the public address phone. Usually when she's calling the Plaintiff , she would be inside the CMNT office. This time she was outside the CMNT office.  looking angry and  in provocative angry loud voice  gave Plaintiff his  DST assignment saying " here's your assignment" (handing Plaintiff  the yard map ) . On the other hand Plaintiff greeted her "good afternoon  Miss Poole". Miss Poole further raised her voice and said " what did you say". Plaintiff  said  in a soft voice  "good afternoon" , then turned his  back .

41. Plaintiff took  his  safety vest , tools  and went outside going to the  yard . Here Plaintiff  saw Superintendent Holmes parking his car.  Plaintiff greeted Mr. Holmes as " how are  you  doing Mr. Holmes ". Mr.  Holmes replied angrily as " where are you going". Curious , Plaintiff ask Mr. Holmes  if he received Plaintiff  earlier ( reconciliation ) e-mail  letter . Mr. Holmes smirk "yes" and angrily said "you are not going anywhere ". You have to go inside the shop and wait until I call you.

42. In few minutes  two WMATA  Police[3]  mobile  were coming to the building  . ( Plaintiff work seat  is facing the road  entrance of the building and can see the incoming car) .

43. Mr. Holmes called  Plaintiff in his office  with  two Metro Police and asked repeatedly "what happened" . Plaintiff  replied "what do you mean what happened". Mr. Holmes said there down

3    During Plaintiff's   complaint interview with Mr. Richard Torres  of  WMATA- OEEO on June 2, 2020, when Plaintiff was narrating the above paragraphs  42-45 to Mr. Richard Torres , he exclaimed , "oh they were framing you up".

there what happened ( pointing his finger to the shop ) . Plaintiff replied , I do not know what

happened and  why I was called here.  Officer D. Yashinkie said Miss Poole called them because

she felt frightened . Plaintiff  asked Metro  Officer D. Yashinkie for any details , which he

replied nothing except that she said "she felt frightened".

44. Plaintiff told  them that it was Miss Poole who was showing anger and yelling when Plaintiff

was given the assignment.

45. Mr. Holmes told Plaintiff  to submit  a statement regarding   what transpired in the shop on

that same date , May 28, 2020. Metro Police Officer ( D. Yashinkie ) told Plaintiff  that Miss

Poole will submit a statement also.

46. Since  the false claims  that Miss Poole felt frightened  and   tried to provoke anger  framed

up scheme on above paragraphs  41 - 45 did not work out" . Mr. Holmes and Miss Poole planned

and  concocted  another sinister fraudulent false claim. This time in collusion with  WMATA –

OEEO when  ;

47. On June 1, 2020, Plaintiff  was called by Mr. Holmes ( together with Bruce another CMNT

Supervisor )  to his office further harassing  Plaintiff and asking " why you did not filled up and

submitted the incident form that was sent ( emailed ) to you on May 31, 2020". Still insisting that

there was an incident that  happened on May 28, 2020 on the CMNT shop . Plaintiff  asked  Mr.

Holmes what was the incident was all about ?  Plaintiff  told Mr. Holmes  that he  sent him the

statement that he requested on the Plaintiff . Mr. Holmes  then told Plaintiff  that " you will start

reporting to Branch Ave  by June 3, 2020" without giving Plaintiff  a clear reason. When

Plaintiff  asked the reason for his  transfer, Mr. Holmes replied that  " you are being investigated

by OEEO, you will be informed   when the WMATA –OEEO investigation regarding the incident

is  completed".

48.  Mr. Holmes then handed Plaintiff  the " Notification of assignment" stating in pertinent part

that "As required per (WMATA) OEEO directives pending investigations of all  associated

OEEO complaints you will be temporarily transferred from New Carrolton to Branch Ave

effective  June 3, 2020".

49. Plaintiff requested a copy of the OEEO complaint, but Mr. Holmes answered , " that's

internal and I can not give you a copy".

50. To compliments the above WMATA –OEEO investigation , On November  16, 2020,   Miss

Rodriguez  of WMATA –OEEO officer  made a virtual  interview,  telling Plaintiff  that he  was

charged with  sexual harassment by Miss Poole . Plaintiff asked for a copy of the charged sheet,

but Plaintiff  was told that she cannot give  him   a copy. Plaintiff asked that "I have been charged

on something that I was not informed nor  get the chance to answer or defend myself  and

punishment was done already? " Miss  Rodriguez repeated to Plaintiff  that she can not give  him

a copy.

51. The interview with Miss Rodriguez  took  almost an hour and  basically recapping  Plaintiff

OEEO complaint on  June 1, 2020  to WMATA's Mr. Torres  ,  but in a dissuading  manner.

Example of  Miss Rodriguez interview  was  asking  what happened when  you stepped  in the

vomit during your  DST. Plaintiff  explained , that "I went to the bump post immediately and

cleaned my shoes and all my clothing with a bleach, which  turned my clothing like a

camouflaged because  everything almost faded. She said " I can't believe that bleaching your self

thing". Plaintiff explained , that bump post car cleaners cabinet has bleaches . Which Miss Rodriguez , said ok.

52. After about an hour of virtual interview , Miss Rodriguez told Plaintiff "that's it". Plaintiff asked her , what was the allegation of sexual harassment on the interview ". The WMATA - OEEO Miss Rodriguez replied , oh ! when you said "tiger looks or angry eyes". Plaintiff replied "that was my description when Miss Poole and Superintendent Holmes were interviewing me for about an hour yelling , looking and staring on me very angry , I do not know how I can described it any other way" . WMATA -OEEO Miss Rodriguez said every body are entitled on her concept of sexual harassment complaint, and we have to make investigation and interview regardless .

53. Lastly , Plaintiff is bringing his complaint in correlation to his EEO – complaint filed to OFCCP on April 24, 2017 which was forwarded to US – EEOC. This was brought to EEOC on October 13, 2020 as part of Plaintiff complaint because this is a continuous violation of Plaintiff promotion as Lead man .

54. The promotion processed of WMATA's Leadman and Supervisor were supposedly through vacancy posting and test examinations, but WMATA management are placing their friends as Lead men and Supervisors without examinations[4] and employment vacancy posting,  This is currently and continuously happening on all CMNT shops .

55. Among the example of this are , Mr. Melvin Rivera a Caucasian in the evening shift and Mr. Jeffrey Winfrey an African American in the morning shift . Both are currently sitting as acting lead man in New Carrolton – CMNT . Both has less seniority and grade level compared to Plaintiff.

---

4    Miss Poole , Mr. Holmes and Mr. Nunez are products of this " WMATA friends promotion processed".

56 . From 2013 to 2017  Plaintiff  continuously took exams for lead man and passed all his leadman exams . On all times Plaintiff examination scores  were adjusted to fail  or will not include Plaintiff's name on the passing list. On all times Plaintiff  request for review and bring the matters to WMATA –OEEO but his complaints were all  ignored .

57. At one time Plaintiff  was given the Leadman  position but for no viable reason , he  was demoted back to CMNT Electrical AA.

58. During the 2017 Leadman exams , Plaintiff firmly believed that he  passed the exam again and requested a review . WMATA did not show the original paper of the Plaintiff during the supposed   exam review.

59. From this point , Plaintiff was discouraged  and did not sought promotions  because of the discriminating and cheating nature of  WMATA's  promotion process.

### CLAIMS  FOR RELIEF.

### FIRST  CLAIM FOR RELIEF .

**Race -Based Discrimination  in Violation of Title VII of the  Civil Rights Act of 1964,** *as amended*,**42 U.S.C. § 2000e et seq.**

60.  Plaintiff  incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 59, above.

61. Mr. Donato Peria  suffered  Race -Based Discrimination   within the workplace,  when he was given all CMNT Electrician available works in the yard and in the shop because he is an Asian . On the other hand  CMNT Electrician on the evening shift were  being given  favorable easier works, fake works  or no works at all .

62. Defendants WMATA Supervisor,  Danelle Poole ,  Superintendent Holmes  and all of the evening shift CMNT Electricians are African –American .

63. Mr. Donato Peria   was discriminated because he is an Asian .This means that race cannot be a factor in determining the amount of work a person receives, or in determining who gets the more, or less, desirable assignments.

64. Defendant' Supervisor and Superintendent  conduct were  because of the fact that Plaintiff is a  member in a protected class.

65. The conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff  work environment to be  abusive.

### SECOND  CLAIM FOR RELIEF

**Race -Based Discrimination  in Violation of Title VII of the  Civil Rights Act of 1964,** *as amended,* **42 U.S.C. § 2000e et seq.**

66. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 65, above.

67. On June 1, 2020, Mr. Donato Peria  Race -Based Discrimination within the workplace when, Mr. Donato Peria  was   given all entry level  works in the yard and in the shop, preventing him from using  his experiences and the skills in which he has been  trained , so that the skills are likely to atrophy and his career is likely to be stunted.

68. Mr. Donato Peria   was discriminated because he is an Asian .This means that race cannot be a factor in determining in determining who gets desirable assignments

69.  Plaintiff is an Asian , the most senior, most experience and higher grades  on New Carrolton CMNT.

70. On the other hand , CMNT  Electricians  who have less seniority, less experiences  and lower grade level than him  are being treated as Superior by being  given the trouble shooting and CMNT Electrical AA works.

15

71. Defendant WMATA Supervisor, Denelle Poole and  Superintendent Holmes  and all of the CMNT Electrician on the evening shift are African –American .

72. The conduct was so severe or pervasive that reasonable persons in Plaintiff' positions would find their work environment to be hostile or abusive.

<u>**THIRD  CLAIM FOR RELIEF**</u>

**Hostile Work Environment  in Violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e *et seq.***

73. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 72, above.

74. Mr. Donato Peria  suffered a hostile work environment within the workplace when on May 6, 2020 meeting in the office of Superintendent Lyndon Holmes ,  instead of  resolving  his complaint Plaintiff  was  subjected to  verbal yelling and angry looks of WMATA Supervisor Miss Dannele Poole  that was not prevented by Mr. Holmes.

75. Plaintiff was  harassed  , because  he  opposed any practice made unlawful by  Title VII of the Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.  and  because he had  made a charge, testified, assisted, and  participated in any manner in an investigation, proceeding or hearing authorized under this Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.

76. Defendants coercion and retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.

## FOURTH  AND FIFTH  CLAIMS FOR RELIEF

**Hostile Work Environment and Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e *et seq.***

77. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 76, above.

78. Mr. Donato Peria  suffered a hostile work environment within the workplace when,  On May 8, 2020,  WMATA Miss Poole retaliated  by   singling  Plaintiff  out, observed and monitored Plaintiff  from CCTV video surveillance cameras  and wrote a fraudulent and immaterial Record of Counseling.

79. The aforementioned monitoring act  is likewise  illegal and in  violation of US- Fourth Amendment (privacy )  . Defendants' adverse actions constituted retaliatory discrimination because  Plaintiff  made a charge of employment discrimination and  engaged in protected activities.

80. Plaintiff was  Coerced and  retaliated , because  he  opposed any practice made unlawful by Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.  and  because he made a charge, testified, assisted, and  participated in any manner in an investigation, proceeding or hearing authorized under Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.

81.  Defendants coercion and retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.

82. As per EEOC guidance on Workplace Surveillance

The surveillance constitutes a materially adverse action because it is likely to deter protected activity, and it is unlawful if it was conducted because of the employee's protected activity. EEOC - Enforcement Guidance on Retaliation and Related Issues number 915.004  August 25, 2016  example 14 id @24.

## SIXTH AND SEVENTH  CLAIMS  FOR RELIEF

**Hostile Work Environment and Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e *et seq.***

83. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 82, above.

84. Mr. Donato Peria suffered a hostile work environment within the workplace when,  on May 26, 2020,  Superintendent Lyndon Holmes and Assistant Superintendent Justine Nunez  retaliated , coerced , and  reprimanded Mr. Donato E. Peria  to their offices.

85. Defendants  Superintendent Lyndon Holmes and Assistant Superintendent Justine  Nunez retaliate , aids and abets  on retaliation  , because  Plaintiff   opposed any practice made unlawful by  Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.   and  because Plaintiff   made a charge, testified, assisted, and  participated in any manner in an investigation, proceeding or hearing authorized under Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.

## EIGHT  AND NINTH  CLAIMS FOR RELIEF

**Hostile Work Environment and Retaliation in Violation of Title VII of the Civil Rights Act of 1964,as Amended, 42 U.S.C. § 2000e *et seq.***

86. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 85, above.

87. Mr. Donato Peria  suffered a hostile work environment within the workplace when , On May 26, 2020  Assistant Superintendent Justin Nunez retaliated ,  harassed ,  closely monitored, shadowed  and followed  Plaintiff from his desk in the CMNT  shop  to his assignment  in the yard and worst  to the train  operators' restroom.

88. Defendant Assistant Superintendent Justine  Nunez aids and abets  on retaliation   and coerced Plaintiff , because  he   opposed any practice made unlawful by  Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.and  because Plaintiff  made a charge, testified, assisted, and  participated in any manner in an investigation, proceeding or hearing authorized under Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.

89. As per EEOC guidance on Workplace Surveillance

> The surveillance constitutes a materially adverse action because it is likely to deter
> protected activity, and it is unlawful if it was conducted because of the employee's
> protected activity. EEOC - Enforcement Guidance on Retaliation and Related Issues
> number 915.004  August 25, 2016  example 14 id @24.

### TENTH AND ELEVENTH CLAIMS FOR RELIEF

**Hostile Work Environment and Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e *et seq.***

90. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 89, above.

97. Mr. Donato Peria  suffered a hostile work environment within the workplace when  on May 28, 2020 ,  Plaintiff  was held for one hour  by  Mr. Holmes and  Two WMATA Police Officers ( Officer  D. Yashinkie and unknown Metro Police ) for no cause  or no reason at all. Metro Police were called by Miss Poole telling them  that she felt frightened, when in fact it was Miss Poole who  provoked anger and tried to framed  up  Mr. Donato E. Peria for confrontation .

91. Defendants  Superintendent Lyndon Holmes coerced  and retaliated   , because  Plaintiff

opposed any practice made unlawful by  Title VII of the  Civil Rights Act of 1964, *as amended*,42

U.S.C. § 2000e et seq.  and  because Plaintiff  made a charge, testified, assisted, and

participated in any manner in an investigation, proceeding or hearing authorized under Title VII

of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.

## <u>TWELVETH  CLAIM FOR RELIEF</u>

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C.
§ 2000e *et seq.***

92. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in

paragraphs 1 through  91, above.

93. Because Plaintiff  made a charge of employment discrimination and  engaged in protected

activities , Mr. Donato Peria  suffered  retaliation, aids  and abetting  within the workplace when

on June 1, 2020,   WMATA- OEEO   abets  and aids in the retaliation  and harassment process ,

made  directives transferring Plaintiff  to another workplace far from Plaintiff  home and previous

work location without  due process and any specific reason .

94. WMATA –OEEO Management was informed of the abusive conduct with information

sufficient to raise a probability of  racial  harassment, retaliation  and hostile work environment

in the mind of a reasonable employer. But this time it was the WMATA –OEEO themselves who

were the unfair player  and  in the forefront of harassment, aggravating  the situation of the

Plaintiff . The harassment became more pervasive and open that WMATA -OEEO    themselves

were   complicit in the abusive conduct. Instead of preventing the unfair treatment and

harassment of Miss Poole , Mr. Nunez and Mr. Homes , WMATA -OEEO  joined in the Human

Rights violations , aided  and abet in the retaliation process.

20

95. WMATA -OEEO aids and abets  on retaliation  , because  Plaintiff, filed a complaint ,

opposed any practice made unlawful by  Title VII of the  Civil Rights Act of 1964, *as amended*,42

U.S.C. § 2000e et seq. and  because Plaintiff   made a charge, testified, assisted, and  participated

in any manner in an investigation, proceeding or hearing authorized under Title VII of the  Civil

Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et seq.

## THIRTEENTH   CLAIM FOR RELIEF

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C.
§ 2000e *et seq.***

96. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in

paragraphs 1 through 95, above.

97. On November 16, 2020  Mr. Donato Peria  suffered  retaliation, aiding and abetting  within

the workplace when, WMATA -OEEO Miss Karin Rodriguez  continuously  joined  in the

retaliation,   aiding and abetting in the  harassment process,  making  a mock  surprised sexual

harassment investigation  without telling the Plaintiff on the topic or providing the Plaintiff with a

copy of the complaint .

97. WMATA -OEEO Miss Karin Rodriguez should have known,  that the  sexual harassment

complaint were  falsely made up . WMATA – OEEO  Policy has a guidelines of prohibited

practices. From this guidelines , Miss Rodriguez should have known that Miss Poole's   sexual

harassment claim has no basis.

98. Here again,  it was literally the WMATA- OEEO that was in the forefront of retaliatory

harassment. WMATA- OEEO  knew, or should have known, of the abusive conduct. Plaintiff

filed already filed an EEO complaint to WMATA- OEEO with information sufficient to raise a

probability of racial harassment , retaliation and  hostile environment  and could have been  seen

that the purpose of Miss Poole  sexual harassment  complaint is another retaliation ploy  of

WMATA 's Miss Poole and Superintendent Holmes .

99. WMATA -OEEO aids and abets  on retaliation  , because  Plaintiff  opposed any practice

made unlawful by  Title VII of the  Civil Rights Act of 1964, *as amended*,42 U.S.C. § 2000e et

seq.and  because Plaintiff  made a charge, testified, assisted, and  participated in any manner in

an investigation, proceeding or hearing authorized Title VII of the  Civil Rights Act of 1964, *as*

*amended*,42 U.S.C. § 2000e et seq.

### FOURTEENTH  CLAIM FOR RELIEF

**Continuous Race -Based Discrimination  in Violation of Title VII of the  Civil Rights Act of**
**1964, *as amended*,42 U.S.C. § 2000e et seq.**

100. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in

paragraphs 1 through 99, above.

101. Mr. Donato Peria  suffered  Race -Based Discrimination  within the workplace,  when the

CMNT Management continuously obstructed his promotion and unlawfully promoted less

Seniors,  less grades  and less experience African American and  Caucasians  to Lead man and

Supervisory position.

102. Mr. Donato Peria  was discriminated because he is an Asian .This means that race cannot

be a factor in determining  promotions.

103.  Plaintiff is an Asian , the most senior, most experience and higher grades  on  most CMNT

that were promoted as Leadman and Supervisors in CMNT shop.

104.  The CMNT management promotion criteria are not  known, and that job openings are  not

communicated to all eligible employees Title VII also explicitly prohibits employers from race-

norming employment tests, i.e, adjusting scores, using different cutoff scores, or otherwise altering the results of employment tests on the basis of race.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Declare that the practices described in this Complaint have created a Racial, Retaliatory and Hostile work environment in violations of 42 U.S.C. § 2000e et seq.;

B.    For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial .

C.    For punitive damages in an amount to be determined at trial;

D.    For liquidated damages;

E.    For interest on lost wages, compensation, and damages, including pre- and post-judgment interest ;

F.    For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant unlawful actions, in an amount to be proven at trial;

G.    Issue an order directing Defendant to take the following actions :

 For an order enjoining Defendant from engaging in the unlawful acts complained of herein and for Plaintiff reinstatement as Lead man ;

H.    For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all Counts of the Complaint.

Respectfully submitted,

Donato E. Peria ,
Plaintiff - Pro se
1465 Amberwood D. N.
Annapolis MD 21409
Tel. No. 443 370 5141,
e-mail : donperia@yahoo.com

**DECLARATION UNDER PENALTY OF PERJURY**.  The undersigned declares under penalty that he is the plaintiff in the above action, that he  has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621. Executed at Annapolis Maryland 21409  on July 7, 2021.

**Donato E. Peria**
Plaintiff - Pro se
1465 Amberwood Dr. N.
Annapolis MD 21409.

RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT

EEOC Form 161 (11/16)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Donato E. Peria<br>1465 Amberwood Drive North<br>Annapolis, MD 21409 | From: Washington Field Office<br>131 M Street, N.E.<br>Suite 4NW02F<br>Washington, DC 20507 |
|---|---|

AM 9: 51

FILE DEPOSITORY

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No | EEOC Representative<br>Leatha M. Johnson,<br>570-2021-00072          Deputy Director | Telephone No.<br>(202) 419-0756 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge |
| | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that <u>backpay due for any violations that occurred more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

|  | for | DEC 04 2020 |
|---|---|---|
| Enclosures(s) | Mindy E. Weinstein,<br>Acting Director | (Date Mailed) |

cc:   Alison N. Davis
      Shareholder
      WASHINGTON METROPOLITIAN AREA TRANSIT
      AUTHORITY
      C/O Littler Mendelson, Gsc
      2301 Mcgee Street, 8th Floor
      Kansas City, MO 64108



RECEIVED
Mail Room

JUL - 8 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 – not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*