## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONATO E. PERIA,

        *Plaintiff*,

    v.

PAUL J. WIEDEFELD,

        *Defendant*.

Civil Action No. 1:21-cv-01830 (CJN)

## <u>MEMORANDUM OPINION</u>

Plaintiff Donato Peria is an electrician with WMATA.  He alleges that WMATA violated Title VII of the Civil Rights Act of 1974 by discriminating against him and harassing him.  *See generally* Compl., ECF No. 1.  Defendant moves to dismiss and/or for summary judgment on the grounds that Plaintiff failed to file his Complaint within the statute of limitations period and there is no basis for equitable tolling.  Def.'s Mot., ECF No. 7.  The Court agrees and grants Defendant's Motion to Dismiss.

### Background

Peria is an Asian man who is employed by the Washington Metropolitan Area Transit Authority ("WMATA") as an Electrician AA.  Compl. ¶¶ 1, 11.  He asserts that while at WMATA he has been relegated to tasks beneath his skill set and has been passed over for promotion by his less-qualified co-workers on account of his race.  *See id.* ¶¶ 3, 8, 9.  Peria further asserts that his supervisor filed a sexual harassment complaint against him in retaliation for his complaints against his workplace treatment.  *Id.* ¶ 4.

Peria filed a complaint with the Equal Employment Opportunity Commission and received a Dismissal and Notice of Rights Letter on December 11, 2020.[1]  *Id.* ¶ 23.[2]  Peria complied with the 90-day statute of limitations period and filed suit on March 11, 2021 (on the 90th day), but did so in D.C. Superior Court.  *Id.*  Peria's complaint alleged violations of Title VII against Wiedefeld in his capacity as President of WMATA.  Def.'s Mot. at 1.  On April 1, 2021—21 days later—Peria filed an amended complaint in his Superior Court case.  *See* Def.'s Mem. in Support of Mot. to Dismiss, ECF No. 7-1 at 4.  The amended complaint alleged only violations of the D.C. Human Rights Act (DCHRA)—it omitted any Title VII claims.  *See id.*  On June 16, 2021, the D.C. Superior Court dismissed Peria's suit, holding that WMATA has sovereign immunity with respect to Peria's DCHRA claims.  *Id.* at 4.  Peria then filed this suit on July 8, 2021, asserting Title VII violations against WMATA.  *See generally* Compl.

Defendant moves to dismiss and for summary judgment, both on the grounds that the Complaint was filed too late.  *See generally* Def.'s Mot.

### Legal Standards

A Rule 12(b)(6) motion to dismiss alleges a failure to state a claim for which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)).  "[A] formulaic

---

[1] For purposes of this decision, the Court accepts Peria's statement that he received the EEOC Notice to File Letter (postmarked December 8, 2020) on December 11, 2020.  *See* Compl. ¶ 30.

[2] The Court refers here both to the Complaint's ¶ 23 and the subsequent paragraph, which is non-sequentially labelled ¶ 30 (the first of the three paragraphs in the Complaint so-numbered).

recitation of the elements of a cause of action," however, "will not do;" a complaint must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court may grant summary judgment under Fed. R. Civ. P. 56(a) "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  To support its position on a summary judgment motion, a party must cite to particular materials in the record, or it must show that the materials cited by the other party "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact."  Fed. R. Civ. P. 56(c).  If the moving party has met its burden, the nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial" to defeat the motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Though the Court "may not resolve genuine disputes of fact in favor of the party seeking summary judgment," *Tolan v. Cotton*, 572 U.S. 650, 656 (2014), the nonmoving party must show more than "[t]he mere existence of a scintilla of evidence in support of" its position, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  In other words, "there must be evidence on which the jury could *reasonably* find for" the non-moving party.  *Id.* at 248 (emphasis added).

## Analysis

### I.       The Complaint Is Untimely.

Upon receipt of a Dismissal and Notice of Rights Letter from the EEOC, an individual has 90 days to file suit for Title VII violations. *Oviedo v. WMATA*, 948 F.3d 386, 394 (D.C. Cir. 2020), *cert. denied*, 141 S. Ct. 347 (2020) (citing 42 U.S.C. § 2000e-5(f)(1)).  Peria filed this suit 209 days after receiving his right-to-sue letter—well outside the 90-day limit.  But this limit is "non-jurisdictional" and subject to equitable tolling.  *McGary v. Hessler-Radelet*, 156 F. Supp. 3d 28, 33 (D.D.C. 2016) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)).  Equitable

tolling permits a court to stop a statute of limitations from running when a plaintiff can show he has pursued his rights diligently and some extraordinary circumstance stood in his way to prevent timely filing. *See Lozano v. Montoya Alvarez*, 572 U.S. 1, 10–11 (2014); *Head v. Wilson*, 792 F.3d 102, 107 (D.C. Cir. 2015) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013)).

Peria argues that equitable tolling should apply because he filed within the statute of limitations period but was simply mistaken about the correct forum. *See* Pl.'s Opp. to Def.'s Mot. to Dismiss, ECF No. 10 at 2–3 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397 (1982) (reasoning that harsh readings of Title VII's provisions are "particularly inappropriate" where "laymen, unassisted by trained lawyers, initiate the process")). Peria further asserts that, as a *pro se* Plaintiff, he is entitled to latitude by the Court. *See* Pl.'s Memo. of Law in Opp. to Def.'s Mot. to Dismiss, ECF No. 10-1 at 3. Peria argues that pro se plaintiffs who mistakenly file in the wrong forum often receive equitable tolling.

In response, Defendant argues that equitable tolling is wholly inapplicable here, and even if it were applicable for some time, Peria filed this suit far too late for any tolling to save it. Def.'s Mot. Defendant argues equitable tolling is inapplicable because Peria did not diligently pursue his claims. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Price v. Greenspan*, 374 F. Supp. 2d 177, 184 (D.D.C. 2005), *aff'd sub nom. Price v. Bernanke*, 470 F.3d 384 (D.C. Cir. 2006). While he initially filed Title VII claims in Superior Court, Peria filed an amended complaint *without* those claims on April 1. *See* Def.'s Mem. at 4. Peria waited nearly 100 *additional* days (from April 1 to July 8) to re-file his Title VII claims in this Court. And, Defendant argues, even if tolling were applicable for the entire period of time the Superior Court lawsuit were ongoing, this action would still be untimely because Peria filed the Superior Court suit on the 90th day after

receiving the right-to-sue letter, and after dismissal he waited an additional 22 days before filing in this Court—making the suit at least 22 days late.

The Court finds that even with equitable tolling, Peria's claim would still be outside the 90-day statute of limitations period. At best, Peria would be entitled to equitable tolling for the period between March 11, 2021, when he filed his Title VII Complaint in D.C. Superior Court, and April 1, 2021, when he filed an amended complaint which dropped his Title VII claims and only sought relief under the DCHRA. *See* Def.'s Memo. at 4. At all other times, Peria was not diligently pursuing his Title VII claims. At the time this suit was filed, it was 209 days since Peria received his right to sue letter by the EEOC. *See id*. at 4. Even subtracting the potential 21-day equitable tolling period (between March 11 and April 1, 2021), this is well outside the 90-day statute of limitations period. *See id.*

While the Court "liberally construes" the pleadings of *pro se* litigants, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), "litigants who proceed without counsel are not excused from following procedural rules" like the statute of limitations. *Untalasco v. Lockheed Martin Corp.*, 249 F. Supp. 3d 318, 324 (D.D.C. 2017) (quoting *Eberhardt v. Brown*, 580 Fed. App'x 490, 491 (7th Cir. 2014)); *see also United States v. Allen*, 2016 WL 4099037, at *2 (D.D.C. Aug. 2, 2016) ("[F]ailure to meet the statutory deadline due to pro se representation is not a circumstance in which it is appropriate to toll the statute of limitations."). A litigant's *pro se* status, alone, is not a basis to apply equitable tolling. Thus, this Court will not provide relief from the statute of limitations to Peria, and his claims fail.

## Conclusion

For the foregoing reasons the Court grants the Defendant's motion.  An order will issue contemporaneously with this opinion.


DATE:  August 8, 2022

CARL J. NICHOLS
United States District Judge